OPINIONS OF THE SUPREME COURT OF OHIO

The full texts of the opinions of the Supreme Court of Ohio are being transmitted electronically beginning May 27, 1992, pursuant to a pilot project implemented by Chief Justice Thomas J. Moyer.

Please call any errors to the attention of the Reporter's Office of the Supreme Court of Ohio. Attention: Walter S. Kobalka, Reporter, or Deborah J. Whitten, Administrative Assistant. Tel.: (614) 466-4961; in Ohio 1-800-826-9010. Your comments on this pilot project are also welcome.

NOTE: Corrections may be made by the Supreme Court to the full texts of the opinions after they have been released electronically to the public. The reader is therefore advised to check the bound volumes of Ohio St.3d published by West Publishing Company for the final versions of these opinions. The advance sheets to Ohio St.3d will also contain the volume and page numbers where the opinions will be found in the bound volumes of the Ohio Official Reports.

Office of Disciplinary Counsel v. Williams.

[Cite as Disciplinary Counsel v. Williams (1993),    Ohio St.3d    .]

Attorneys at law -- Misconduct -- Indefinite suspension -- Engaging in illegal conduct involving moral turpitude -- Engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation -- Conviction of grand theft and forgery.

(No. 92-2207 -- Submitted January 6, 1993 -- Decided March 3, 1993.)

On Certified Report by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 92-14.

The January 1991 term of the Huron County Grand Jury returned a twenty-three count felony indictment against respondent, Kevin A. Williams (Attorney Registration No. 0040877), for grand theft, forgery, and uttering forged documents. Each count stemmed from respondent's alleged theft or conversion of funds from the bank account of the law office where he was employed, or from clients' checks made payable to the firm. On July 3, 1991, respondent pleaded guilty to and was convicted of grand theft and forgery, under Counts I and XXIII of the indictment. The remaining counts were dismissed pursuant to a plea agreement. Respondent received a two-year suspended sentence, conditioned upon his making restitution to his former employer within three years, and was placed on five years' probation.

On October 10, 1991, we indefinitely suspended respondent from the practice of law under former Gov. Bar R. V(9)(a)(iii) (now Gov. Bar R. V[5][A][3]), and ordered the matter referred to relator, Office of Disciplinary Counsel, for investigation and commencement of disciplinary proceedings. On February 19, 1992, relator filed a four-count complaint against respondent based upon the above facts. Counts I and II relate to respondent's conviction of grand theft and forgery. Counts III and IV relate to the alleged acts of forgery and uttering forged documents for which respondent was not prosecuted under the plea agreement. Each of the four counts charged respondent with violating DR 1-102(A)(3) (engaging in illegal conduct

involving moral turpitude) and 1-102(A)(4) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation). On May 6, 1992, respondent filed his answer admitting the allegations contained in Counts I and II, including that his conduct violated the Disciplinary Rules alleged. He generally denied the allegations contained in Counts III and IV; however, by subsequent stipulation, he admitted committing the criminal acts alleged therein, without admitting misconduct.

A hearing on the matter was held before a panel of the Board of Commissioners on Grievances and Discipline of the Supreme Court on September 18, 1992. In mitigation, respondent acknowledged that he suffers from gender dysphoria. He testified that he underwent the initial phases of a sex-change operation in 1980, and that the final phase (phalloplastic surgery) has yet to be performed and is estimated to cost $60,000. Respondent attributes his criminal conduct to the psychological turmoil caused by the inability to complete his sexual identity and to his low self-esteem as a husband and provider.

He used the funds taken from his employer (over $13,000) to purchase items for his family, thus relieving his feelings of inadequacy; to pay for preliminary evaluations for his final stage of surgery; and to pay delinquent bills. Respondent's testimony is corroborated by a psychiatric evaluation completed shortly after criminal charges were brought against him, and by a statement submitted by a licensed clinical counselor who specializes in gender dysphoria and has treated respondent since 1977.

Respondent believes that he has resolved the factors which led to his criminal conduct through joint counseling with his wife and by seeking insurance coverage to fund his surgery. He expresses remorse for his actions and, although he has not reimbursed his former employer, intends to do so once he secures gainful employment. Respondent has no prior criminal record and has not been disciplined previously by this court.

The panel found that respondent violated DR 1-102(A)(3) and 1-102(A)(4), and recommended that he be permanently disbarred. The board adopted the panel's findings and conclusions; however, the board found sufficient mitigation to warrant the sanction of indefinite suspension.

J. Warren Bettis, Disciplinary Counsel, and Harald F. Craig III, Assistant Disciplinary Counsel, for relator.

Kevin A. Williams, pro se.

Per Curiam. We agree that respondent violated DR 1-102(A)(3) and 1-102(A)(4), and further agree that respondent's unique psychological history is sufficiently mitigating to warrant the sanction of indefinite suspension. Accordingly, we order that respondent be indefinitely suspended from the practice of law in Ohio. Costs taxed to respondent.

Judgment accordingly.

A.W. Sweeney, Douglas, F.E. Sweeney and Pfeifer, JJ., concur.

Moyer, C.J., Wright and Resnick, JJ., dissent and would disbar respondent.